## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

<table>
<tr><td>

SNAP EDGE CORPORATION
3925 Stern Ave.
St. Charles, Illinois 60174

   Plaintiff,

vs.

AVON PLASTICS, INC.
One Master Mark Drive
Albany, Minnesota 56307-0662

   Defendant.
</td><td>

Civil Action No. O4 . 3376 RHK/RLE

Judge
</td></tr>
</table>

## COMPLAINT AND DEMAND FOR JURY TRIAL
## <u>INJUNCTIVE RELIEF SOUGHT</u>

Plaintiff Snap Edge Corporation ("Snap Edge"), for its complaint against Avon Plastics, Inc. ("Avon"), alleges as follows:

### PARTIES

1. Snap Edge is a corporation duly organized and existing under the laws of the State of Illinois, with a place of business in St. Charles, Illinois.

2. On information and belief, Avon is a corporation duly organized and existing under the laws of the State of Minnesota, which is doing business under the name Master Mark Plastic Products and has a place of business in this district at One Master Mark Drive, Albany, Minnesota 56307-9379.



SCANNED
JUL 26 2004
U.S. DISTRICT COURT MPLS

SCANNED
JUL 23 2004
U.S. DISTRICT COURT MPLS

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over the stated causes of action pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) in that Avon resides in this district.

## FIRST CAUSE OF ACTION
### (Patent Infringement)

5.      On August 31, 1993, United States Letters Patent No. 5,240,343 was granted to Frederick P. Strobl, Jr. for an invention entitled "Holding Device For Paving Blocks" (hereinafter the "'343 patent-in-suit").  A true copy of the '343 patent-in-suit is attached to this Complaint as EXHIBIT 1.

6.      On December 27, 1994, United States Letters Patent No. 5,375,941 was granted to Frederick P. Strobl, Jr. for an invention entitled "Holding Device For Paving Blocks" (hereinafter the "'941 patent-in-suit").  A true copy of the '941 patent-in-suit is attached to this Complaint as EXHIBIT 2.

7.      Snap Edge is the owner of all right and title to the '343 and '941 patents-in-suit by virtue of an assignment recorded in the records of the United States Patent and Trademark Office at Reel 6163, Frames 426-429.

8.      On information and belief, Avon has infringed and is infringing at least claims 20 and 21 of each of the '343 and '941 patents-in-suit by making, using and/or selling within the United States, including within the District of Minnesota and elsewhere, devices which infringe said '343 and '941 patents-in-suit, and Avon will continue to do so unless enjoined by this Court.

9.    On information and belief, Avon is and has been inducing and contributing to the infringing acts of diverse third parties to whom devices of Avon have been and are being sold, and Avon will continue to do so unless enjoined by this Court.

10.    On information and belief, at least some of Avon's infringing devices are sold under the commercial name PaveMaster. These devices are used as paver edging in the installation and construction of driveways, walkways and patios and the like.

11.    Avon's acts of infringement have caused Snap Edge damage and irreparable harm for which there is no adequate remedy at law.

12.    Avon's infringement of the '343 and '941 patents-in-suit is willful, deliberate and in flagrant disregard of plaintiff Snap Edge's rights.

**WHEREFORE**, Snap Edge demands judgment against Avon as follows:

(A)    that the '343 and '941 patents-in-suit are valid and enforceable;

(B)    that Avon has infringed the '343 and '941 patents-in-suit;

(C)    that Avon and all parties contemplated by Rule 65(d) F.R.Civ.P. be preliminarily and permanently enjoined from infringing the '343 and '941 patents-in-suit;

(D)    that Avon be ordered to account for and pay to Snap Edge the damages to which Snap Edge is entitled as a consequence of Avon's infringement and, in view of Avon's acts of willful, deliberate, and intentional infringement, that such damages should be trebled;

(E)    that Snap Edge be awarded its costs, interest on the damages awarded, and reasonable attorney fees; and

(F)    such other and further relief as the court deems just and equitable.

## SECOND CAUSE OF ACTION
### (Breach of Settlement Agreement and Breach of Stipulation)

13.    Snap Edge repeats and restates the allegations previously set forth in this Complaint as if set forth fully herein.

14.    On March 31, 1997, Snap Edge initiated Civil Action No. 97-778 (JRT/RLE) in this Court charging Avon with infringement of the '343 and '941 patents-in-suit. Subsequently, the parties entered into a negotiated settlement of that prior action and executed a written agreement setting forth the terms and conditions of the settlement (the "Settlement Agreement"). A true copy of the Settlement Agreement is attached to this Complaint as EXHIBIT 3.

15.    In accordance with the terms of the Settlement Agreement, the respective attorneys for the parties executed and jointly filed with this court a Stipulation And Proposed Order For Consent Decree which was to have the effect of entering a consent judgment against Avon and in favor of Snap Edge in civil action no. 97-778. A true copy of the Stipulation And Proposed Order For Consent Decree executed by the respective attorneys of Snap Edge and Avon is attached to this Complaint as EXHIBIT 4.

16.    The Settlement Agreement provided that, in the event of a breach thereof by Avon, Snap Edge has the right to seek damages for infringement by Avon of the Snap Edge Patents for sales prior to the date of the Settlement Agreement.

17.    The Stipulation And Proposed Order For Consent Decree was received by the Clerk of this Court and was stamped as filed on September 8, 1997. The Court maintained Docket Entries for civil action no. 97-778 indicate that the Stipulation And Proposed Order For Consent Decree was entered on September 12, 1997.

4

18. In accordance with the Stipulation And Proposed Order For Consent Decree, Avon agreed to be enjoined during the remaining term of the '343 patents from making, using or selling paving edge products that infringe the '343 patent. In spite of the Settlement Agreement, Avon is once again infringing the '343 patent as alleged above in paragraphs 8 and 9 of this Complaint, and will continue to do so unless enjoined by this Court. Avon's infringement constitutes a breach of the Settlement Agreement as well as a violation of the Stipulation And Proposed Order For Consent Decree.

19. In accordance with the Stipulation And Proposed Order For Consent Decree, Avon agreed to be enjoined during the remaining term of the '941 patents from making, using or selling paving edge products that infringe the '941 patent. In spite of the Settlement Agreement, Avon is once again infringing the '941 patent as alleged above in paragraphs 8 and 9 of this Complaint, and will continue to do so unless enjoined by this Court. Avon's infringement constitutes a breach of the Settlement Agreement as well as a violation of the Stipulation And Proposed Order For Consent Decree.

20. In accordance with the Stipulation And Proposed Order For Consent Decree, Avon stipulated, agreed and acknowledged that the '343 and '941 patents are valid and enforceable.

21. In accordance with the Stipulation And Proposed Order For Consent Decree, Avon stipulated, agreed and acknowledged that devices it sold prior to the September 4, 1997 signing date of the Stipulation And Proposed Order For Consent Decree infringed at least one claim of each of the '343 and '941 patents-in-suit.

22. Snap Edge learned of Avon's breach of the Settlement Agreement and violation of the Stipulation And Proposed Order For Consent Decree on or about February, 2004.

23. As a result of the foregoing breach and violation of the Settlement Agreement and the Stipulation And Proposed Order For Consent Decree, Snap Edge has and will continue to suffer irreparable harm and injury and monetary damage. Snap Edge has no adequate remedy at law.

**WHEREFORE**, Snap Edge demands judgment against Avon as follows:

(A) that the '343 and '941 patents-in-suit are valid and enforceable;

(B) that Avon has infringed the '343 and '941 patents-in-suit;

(C) that Avon and all parties contemplated by Rule 65(d) F.R.Civ.P., be preliminarily and permanently enjoined from infringing the '343 and '941 patents-in-suit;

(D) that Avon has breached the Settlement Agreement by infringing the Snap Edge '343 and '941 patents-in-suit at times subsequent to the date of execution of the Settlement Agreement;

(E) that Avon be ordered to account for and pay to Snap Edge the damages to which Snap Edge is entitled as a consequence of Avon's infringement, including all damages incurred prior to the date of the Settlement Agreement, and that in view of Avon's acts of willful, deliberate, and intentional infringement, such damages should be trebled;

(F) that Avon be ordered to compensate Snap Edge for damages resulting from Avon's breach of the Settlement Agreement and violation of the Stipulation And Proposed Order For Consent Decree;

(G) that Snap Edge be awarded its costs, interest on the damages awarded, and reasonable attorney fees; and

(H) such other and further relief as the Court deems just and equitable.

6

## JURY DEMAND

Snap Edge hereby demands a trial by jury trial on all issues herein so triable.

Dated this 23rd day of July, 2004.

### SNAP EDGE CORPORATION

By: _____

Madge S. Thorsen (#109666)
KELLY & BERENS, P.A.
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171

Of Counsel:

James H. Marsh, Jr.
Joan K. Archer
STINSON MORRISON HECKER LLP
1201 Walnut Street
Kansas City, MO 64106-2150
Telephone: (816) 842-8600

7